IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

THOMAS BAKER, )
 )
              Petitioner, )
 )
vs. ) Case No. CIV-13-376-JHP-KEW
 )
MIKE MULLIN, )
 )
              Respondent. )

## OPINION AND ORDER

This matter comes on for consideration of Respondent's Motion to Dismiss (Dkt. # 8). Respondent claims the petitioner's Petition for Habeas Corpus relief is barred by the statute of limitations contained within the Antiterrorism and Effective Death Penalty Act, "AEDPA," 28 U.S.C. § 2244(d). On September 25, 2011, the Petitioner filed a Motion for Estoppel *et sequentes* (Dkt. # 10), which this Court construed as a response to the motion to dismiss.

Title 28 U.S.C. § 2244(d)(1) contains a 1-year period of limitation which runs from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The pleadings in this case indicate the petitioner entered a plea of guilty, on June 30, 2009, to three charges of Lewd Molestation in Love County District Court, Case Nos. CF-2009-14, CF-2009-64 and CF-2009-65.  On September 3, 2009, judgment and sentences were entered against the petitioner (Dkt. # 8-1).  On January 12, 2011, the OCCA granted the petitioner an appeal out of time and the OCCA remanded the matter to the District Court of Love County on May 4, 2011, to conduct an evidentiary hearing and to make further findings of fact and conclusions of law (Dkt. 1-1, at pp. 66-68).  On August 17, 2011, the Oklahoma Court of Criminal Appeals (OCCA) entered an order granting petitioner's request for *certiorari* appeal out of time (Dkt. # 8-2).  On or about September 29, 2011, petitioner filed a Petition for Certiorari in the OCCA, Case No. C-2011-846 (Dkt. # 8-3).  On March 16, 2012, the OCCA entered a Summary Opinion Denying Certiorari (Dkt. # 8-5).  Since Petitioner had ninety days to seek *certiorari* with the United States Supreme Court, his conviction became final 90 days thereafter, on June 14, 2012.  Petitioner's one year statutory limitation period began the next day.  Thereafter, on Monday, June 16, 2013, the petitioner's one year statutory limitation period expired.  Petitioner did not, however, file the current petition for writ of habeas corpus until August 22, 2013.

In his response to the motion to dismiss, petitioner seems to be asking this Court to equitably toll the statute of limitations because he did not know about the AEDPA time limitations.  The AEDPA statute of limitations is subject to equitable tolling in cases where

extraordinary circumstances outside of a prisoner's control lead to delay in filing. *See*, *Marsh v. Soares*, 223 F.3d 1217 (10th Cir. 2000). Equitable tolling will be appropriate, however, only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Id*., at 1220. Ignorance of the law generally will not excuse prompt filing, even for incarcerated *pro se* petitioners. *Id*., at 1220-21. Petitioner's ignorance of the law is not an appropriate justification to equitably toll the AEDPA statute of limitations. As a result, this Court finds the petitioner's current habeas corpus petition is untimely and should, therefore, be dismissed.

**ACCORDINGLY**, the respondent's Motion to Dismiss (Dkt. # 8) is hereby GRANTED, and this action is DISMISSED WITH PREJUDICE in its entirety. Further, in accordance with Rule 11 of the Rules Governing Section 2254 Cases, this Court hereby denies a certificate of appealability.

It is so ordered on this  17th  day of October, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma